**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT J. RUSH, on behalf of himself and**
**all other similarly situated employees,**

                  **Plaintiff,**

**-vs-**                                                                        **Case No. 6:05-cv-1698-Orl-DAB**

**NOVO 1TELESERVICES, INC., f/k/a:**
**Call_Solutions Teleservices, Inc.,**

                  **Defendant.**
_____

**ORDER**

This cause came on for consideration following a fairness hearing on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 25)**
>
> **FILED:**      April 26, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring

a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held on May 9, 2005, with counsel for both parties present. Based on the representations of counsel at the hearing, Plaintiffs were employed by Defendant, a call center, and claimed that due to the vagaries of the computerized time clock system, they were working approximately 2 and a half hours a week "off the clock." Initially, damages of approximately $16,000 (including liquidated damages) were claimed. Upon investigation, however, it appeared that actual damages of only approximately $3,300 (excluding liquidated damages) could arguably be substantiated for each Plaintiff. The settlement to each Plaintiff of $2,850.00 in unpaid wages, with a like amount for alleged liquidated damages represents a large portion of the full amount Plaintiff could try to prove at trial, and makes allowances for the inherent difficulties and costs of a trial. The parties have agreed

that Defendant will pay Plaintiff's attorneys $8,600 in attorney's fees and costs, which Defendant stipulates, and the Court finds, is not unreasonable under the circumstances of this case.

Settlement in the total amount of $20,000 ($5,700 for each Plaintiff and $8,600 in attorney's fees and cost) is a fair and reasonable settlement. The settlement is **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Clerk is directed to enter a final judgment dismissing the action and to close the file.

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record